

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 17, 1964

Hon. Henry Wade
Criminal District Attorney
Records Building
Dallas, Texas  75202

Attention:
Hon. Ted Z. Robertson
Assistant District Attorney

Opinion No. C-226

Re:  Construction of Article
     8021 of Vernon's Civil
     Statutes relative to the
     depository for funds of
     the City and County of
     Dallas Levee Improvement
     District.

Dear Sir:

Your request for our opinion concerning the construction of Article 8021 of Vernon's Civil Statutes has been received by this office.  This request indicates that the City and County of Dallas Levee Improvement District has designated the Republic National Bank of Dallas as its principal depository, but that the bank is not a County depository and has not made a bond payable to the district as required by Article 8021.  On June 30, 1963, the bank did, however, advise that certain securities were on file in its trust department as collateral for the amount on deposit. No depository contract exists, and the auditor of Dallas County now questions this arrangement.

The exact questions propounded to us in your letter are as follows:

"1.  Does the City and County of Dallas Levee Improvement District have a legal right to keep all or part of its funds in a bank, not a county depository, that has not given 'bond to the district with a corporate surety company as surety, which is authorized to do business in the State of Texas, in an amount equal to the funds so deposited, conditioned upon the safe keeping of said funds and paying of the same?'  (Art. 8021, V.R.C.S.)

"2.  If the answer to question No. 1 is in the affirmative, is the pledge of collateral by the bank on file in its own trust department binding to protect the district's deposited moneys:

"a.  without a written contract, or
"b.  with a written contract?"

Article 8021 states as follows:

"The board of supervisors shall select a <u>depository or depositories for funds of the district</u> and the county treasurer shall deposit such funds of the districts in such depository or depositories as the supervisors may direct; <u>provided,before any such depository shall receive any funds of the district they shall give bond to the district with a corporate surety company as surety, which is authorized to do business in the State of Texas, in an amount equal to the funds so deposited, conditioned upon the safe keeping of said funds and paying of the same.</u>"  (Emphasis added)

The statute in question applies to all Levee Improvement Districts throughout this state.  The board of supervisors may deposit the district's funds in any depository they choose, there being no requirement that the depository also be the county depository.  However, it is necessary that the depository execute a bond with a corporate surety company in accordance with Article 8021. It is immaterial that the banking institution may satisfy the district of its ability to safely keep the funds.  The requirement of the Legislature is that the depository execute a bond, and we so advise you that the depository should be in compliance with the terms of Article 8021.  Even if a written contract existed, it could not override the provisions of the statute.  Your first question is therefore answered in the negative.

The decision reached makes it unnecessary to answer your second question.

## SUMMARY

The board of supervisors of a Levee Improvement District may deposit the district's funds in any depository they choose, but it is necessary that such depository give bond to the district with a corporate surety company as surety, in an amount equal to the funds deposited, pursuant to the provisions of Article 8021 of Vernon's Civil Statutes.

Yours very truly,
WAGGONER CARR
Attorney General of Texas

By  Fred D. Ward
    Fred D. Ward
    Assistant

FDW:wb

Hon. Henry Wade, page 3  (C-226)


**APPROVED:**

OPINION COMMITTEE

W. V. Geppert, Chairman
Allo B. Crow
Wayne Rodgers
W. O. Shultz
Gordon Cass

**APPROVED FOR THE ATTORNEY GENERAL**

By:  Howard W. Mays